IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-473-FL

| | |
|---|---|
| JACQUELINE REID, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOSPIRA, INC., )<br>)<br>Defendant. ) | **ORDER ON BILL OF COSTS** |

On December 13, 2010, the court granted defendant Hospira, Inc.'s ("defendant") motion for summary judgment [D.E. 30] and entered judgment in favor of defendant [D.E. 31]. On December 27, 2010, defendant filed a motion for bill of costs [D.E. 32]. Defendant requests a total of Two Thousand Eighty Dollars and 55/100 ($2,080.55) to be taxed against plaintiff Jacqueline Reid ("plaintiff" or "Reid"). Plaintiff did not object to defendant's application, and the time to do so has expired. See Local Civil Rule 54.1(b). The matter is ripe for determination.

Defendant seeks costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. Title 28 U.S.C. § 1920 enumerates the allowable costs. Federal courts may assess only those costs specified in section 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

Defendant requests $1,351.35 for deposition transcript fees. See Def.'s Bill of Costs, Attach. 1 [D.E. 32-1]. In the absence of any objection from plaintiff, the undersigned accepts defendant's representation that the depositions were necessarily taken for use in the action. Title 28 U.S.C.

§1920(2) allows for the fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. See also LaVay Corp. v. Dominion Fed. Sav. & Loan, 830 F.2d 522, 528 (4th Cir. 1987). However, postage and handling fees of the court reporter are not taxable costs under 28 U.S.C. § 1920 or the Local Civil Rules. Thus, Defendants' request for postage and handling fees of the court reporter in the amount of $19.00 is disallowed. Local Civil Rule 54.1(c)(1) states that "[t]he costs incident to the taking of depositions . . . normally include only the reporter's fee and charge for the original transcript of the deposition." Local Civil Rule 54.1. Multiple copies of depositions are normally not taxable costs. See Local Civil Rule 54.1(c)(2)(b). Defendant submitted court reporter invoices from Huseby, Inc. Charlotte in the total amount of $1,114.85 for the original and one copy of the transcript for the depositions of Reid, Jason Coggins P.A. ("Coggins"), and Deborah Roberson, FnpC ("Roberson"). The undersigned is unable to determine from the invoices the costs attributable to the original transcripts and the copies. Thus, defendant's request for $1,114.85 for court reporter fees paid to Huseby, Inc. Charlotte is denied without prejudice. Defendant may file a supplemental application requesting costs for the original transcripts of Reid, Coggins, and Roberson within fourteen days of this order. Defendant's remaining request for court reporter fees for the depositions of Lisa Boykin, Carolyn Sue Johnson, and Dianne Bruton ("Bruton") in the amount of $217.50 is allowed.

Next, defendant seeks $533.00 for witness fees under 28 U.S.C. § 1821. See Def.'s Bill of Costs [D.E. 32]. According to defendant, it incurred witness fees in the amount of $175.00 for Coggins and $200.00 for Roberson in connection with their depositions. See Def.'s Bill of Costs, Attach. 1 [D.E. 32-1]. Defendant also asks for $40.00 in witness fees for Bruton's deposition. See Def.'s Bill of Costs [D.E. 32]. Title 28 U.S.C. § 1821(b) provides that a "witness shall be paid an

attendance fee of $40.00" for court or deposition attendance. See 28 U.S.C. § 1821(b). Absent statutory authority, the district court may not award witness fees in excess of $40.00. See Crawford Fitting Co., 482 U.S. at 445; LaVay Corp., 830 F.2d at 528. Defendant offers no support for its request for witness fees in excess of the statutory limit for Coggins and Roberson. Thus, defendant's request for witness fees for Coggins and Robeson is disallowed in part and allowed in part. Defendant is allowed $120.00 for the witness fees for Coggins, Robeson, and Bruton, with the remaining $295.00 disallowed.

Defendant also seeks $118.00 for mileage incurred by Bruton in traveling to her deposition on June 21, 2010. See Def.'s Bill of Costs, Attach. 1 [D.E. 32-1]. Local Civil Rule 54.1(c)(1)(c) provides that actual mileage may be taxed as costs. Defendant reimbursed Bruton at the rate of fifty cents per mile for 316 miles, which is consistent with federal guidelines in effect at the time of the deposition. See U.S. Gen. Servs. Admin. Mileage Rates, http://www.gsa.gov/portal/content/103969. Accordingly, defendant's request for costs for mileage in the amount of $118.00 is allowed.

Finally, defendant applies for $196.20 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. See Def.'s Bill of Costs [D.E. 32]. Defendant failed to attach to its bill an itemization and documentation for such requested costs. Thus, defendant's request is denied without prejudice. Defendant may file a supplemental application requesting fees for exemplification and copy costs with an itemization and documentation within fourteen days of this order.

In sum, the undersigned finds that defendant Hospira, Inc. is the prevailing party and timely filed a bill of costs. Defendant demonstrated that the allowed costs are correct and were necessarily incurred in this action. For the reasons stated, defendant is ALLOWED $217.50 in court reporter

fees, $120.00 in witness fees, and $118.00 in mileage expenses. Defendant's request for postage and handling fees of the court reporter in the amount of $19.00 is DISALLOWED. Defendant's requests for $1,114.85 in court reporter fees paid to Huseby, Inc. Charlotte and for $196.20 in fees for exemplification and photocopying are DENIED without prejudice. Defendant may file a supplementation application, with supporting documentation, requesting costs for the original transcript of the depositions of Reid, Coggins, and Roberson and for exemplification and photocopying fees within fourteen days of this order.

SO ORDERED. This 14th day of September 2011.

Dennis P. Iavarone
Clerk of Court